FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 24 2009

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 08-CR-127-JLQ |
| | ) 08-CR-185-JLQ |
| vs. | ) |
| JAMES M. SEBERO, | ) **PRELIMINARY ORDER OF FORFEITURE** |
| Defendant. | ) |

**IT IS HEREBY ORDERED THAT**:

As a result of his guilty pleas on Counts 1, 55 and 56 of the Superseding Indictment filed in cause number 08-CR-185-JLQ (originally filed in the District of Idaho in cause number CR-08-214-N-EJL), for which the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c), the Defendant shall forfeit to the United States any property constituting or derived from proceeds obtained directly or indirectly as a result of wire fraud violations under 18 U.S.C. § 1343.

This Court has determined, based on the Defendant's Plea Agreement (Docket No. 19) that certain property and property interests set out in Count 56 of the Superseding Indictment referred to above, are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1)(c), made applicable by 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between such properties and such offenses:

PRELIMINARY ORDER OF FORFEITURE - 1

A.  <u>Money Judgment</u>:

A sum equal to $950,000.00 in United States Currency, representing the amount of proceeds obtained as a result of the said wire fraud offenses involving disability payments from the United States Department of Veterans Affairs.

B.  <u>Real Property and Proceeds thereof</u>: All right, title and interest in land and appurtenances and improvements, including buildings and residences, and proceeds of sale thereof, more fully described below:

    1. All of that certain parcel of land located at 39 Conrad, Vista Shores, LaClede, Bonner County, ID, Parcel No. RP000-740-000030A, and more particularly described as:

        31-56N-3W CONRADS VISTA LOT 3 SHORES

    2. All of that certain parcel of land located at 9713 N. Austin Lane, Spokane, WA, Parcel No. 26134-1226, and more particularly described as:

        Lot 26, Block 1, Subdivision: Northview Estates 1st Addition; Recorder's Map Reference: MB 32 PG 20-23

C.  <u>Substitute Assets</u>: If any of the properties and interests described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

    1.  Cannot be located upon the exercise of due diligence;

    2.  Has been transferred or sold to, or deposited with, a third person;

    3.  Has been placed beyond the jurisdiction of the court;

    4.  Has been substantially diminished in value; or

    5.  Has been commingled with other property which cannot be subdivided without difficulty;

the United States requests that the Court order, pursuant to 21 U.S.C. § 853(p), and Title 18 U.S.C. 982(b), forfeiture of any other property of the said Defendant up to the value of the forfeitable properties and interests herein.

Upon entry of this Order, the United States Marshals Service is authorized to seize the above property, whether held by the Defendant or by a third party, and to

PRELIMINARY ORDER OF FORFEITURE - 2

conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States Department of Justice is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this order.

The United States shall publish on www.forfeiture.gov for thirty (30) consecutive days, notice of the order and its intent to dispose of the property in such a manner as the United States Department of Justice (or a designee) may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the forfeited properties.

Any person, other than the above-named Defendant, asserting a legal interest in the subject properties may, within (60) days of the first publication on www.forfeiture.gov or within thirty days (30) days of the notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest any of the subject properties, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

Pursuant to Fed R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall be final as to the Defendant and shall be made part of his sentence and included in the judgment.

Any petition filed by a third party asserting an interest in the subject properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with

PRELIMINARY ORDER OF FORFEITURE - 3

1 | the Federal Rules of Civil Procedure upon a showing that such discovery is necessary
2 | or desirable to resolve factual issues.

3 | The United States shall have clear title to the above-described properties
4 | following the Court's disposition of all third-party interests, or, if none, following the
5 | expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by
6 | 18 U.S.C. § 982(b), for the filing of third party petitions.

7 | This Court shall retain jurisdiction to enforce this Order, and to amend it as
8 | necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9 | DATED this 24th day of July, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

PRELIMINARY ORDER OF FORFEITURE - 4